UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/10/19
```

JAMES MURPHY, on behalf of himself and all others similarly situated,

                              Plaintiff,

– against –

L.I. ADVENTURELAND, INC.,

                              Defendant.

**ORDER**

18 Civ. 6742 (ER)

Ramos, D.J.:

      The parties have now applied to the Court three times for approval of a proposed Consent Decree resolving this matter. Twice before, the Court rejected their proposals due to various defects in their submissions. The Court rejected their first proposal because it (1) included settlement terms incorporating a "confidential side letter" that had not been provided to the Court, (2) incorrectly referred to this district as the "Eastern District of New York," (3) misstated the date that this action was filed, and (4) misstated the provisions of the federal-question jurisdiction statute, 28 U.S.C. § 1331. Doc. 7. After granting the parties leave to revise the consent decree, the Court refused to accept their second proposal because it (1) still incorporated by reference a separate settlement agreement that had not been provided to the Court, and (2) misnumbered a paragraph reference. Doc. 9. The Court once again allowed the parties to resubmit a revised consent decree.

      Notwithstanding that the Court explicitly directed the parties to correct the paragraph numbering, the parties introduced even more errors of this type into their new revised proposal. The "procedures in the event of disputes" section contains several references to paragraph numbers that are clearly erroneous. *See* Consent Decree ¶¶ 15–19, Doc. 10-1. In addition, the

Plaintiff purportedly signed the document on "November 12, 2018," which is impossible given that the Court granted leave to revise it on November 26, 2018. But most importantly, the proposed Consent Decree is *missing the entire eighth page*.

The parties' repeated and careless errors are inappropriate in any submission to a court, but they are particularly egregious given that the parties have had three chances to submit their proposal and they are requesting that the Court adopt it as an enforceable judicial decree. The Court will not lend its imprimatur to the parties' obviously deficient proposal.

Accordingly, the parties' application for approval of their third proposed Consent Decree is DENIED. If the parties wish to submit yet another revised consent decree correcting the deficiencies described above, they must show good cause why the Court should grant them leave to submit a *fourth* proposal. Otherwise, the Court will reject any further proposals with prejudice.

It is SO ORDERED.

Dated: January 10, 2019
New York, New York

Edgardo Ramos, U.S.D.J.